# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRETT ORTEGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-23-TCK-PJC |
| ) | |
| CUNA MUTUAL GROUP d/b/a CUNA ) | |
| MUTUAL INSURANCE SOCIETY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 8).

**I.   Background**

On January 11, 2005, Plaintiff filed an action against Defendant CUNA Mutual Group ("CUNA") in the District Court of Tulsa County, State of Oklahoma, Case No. CJ-2005-00170. Service was made on Defendant on August 9, 2005. Plaintiff's Petition alleges that he obtained a loan on a Dodge Ram truck and purchased credit disability insurance from CUNA on the loan. Pursuant to this policy, CUNA was to pay the monthly payments for the Dodge Ram while Plaintiff was disabled. Plaintiff claims he was "temporarily totally disabled and unable to work from August 7, 2001 until March 19, 2003." (Complaint ¶ 4.) Although CUNA paid benefits from August 6, 2001 until February 5, 2003, Plaintiff alleges that CUNA wrongfully terminated benefits on or about February 5, 2003. (*See* Complaint ¶ 7.) Plaintiff has accordingly brought claims for breach of contract and breach of the covenant of good faith and fair dealing against Defendant. Plaintiff states that the actual damages and punitive damages are both in excess of $10,000. (Complaint 3.)

**II.   Discussion**

On January 11, 2006, CUNA filed a Notice of Removal, maintaining that diversity

VACATED

jurisdiction exists. *See* 28 U.S.C. §§ 1332 & 1441(a). In response, Plaintiff filed a Motion to Remand, wherein Plaintiff claims that CUNA's removal is untimely and disputes that the amount in controversy exceeds the required amount.

### A. Timeliness of Notice of Removal

Pursuant to 28 U.S.C. § 1446(b), the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." *Id.* However, a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action." *Id.* Plaintiff argues that Defendant's Notice of Removal is untimely because it is outside of the one-year outside time limit and because it was not filed within thirty days of Plaintiff's Petition. The Court rejects both arguments and finds the Notice of Removal to be timely.

First, although Plaintiff argues that "more than one year elapsed before the time of removal," barring CUNA's removal pursuant to 28 U.S.C. § 1446(b), this action was "commenced" when Plaintiff filed the action on January 11, 2005 and was removed on January 11, 2006. Okla. Stat. tit. 12, § 2003 ("A civil action is commenced by filing a petition with the court."); *Zumas v. Owens-Corning Fiberglas Corp.*, 907 F. Supp. 131, 132-33 (D. Md. 1995) (stating that courts considering when an action "commenced" for the purposes of 28 U.S.C. § 1446(b) "have looked to the law of the state in which the state court action originated to determine when an action 'commences'")

VACATED

2

(citing *Perez v. General Packer, Inc.*, 790 F. Supp. 1464, 1469 (C.D. Cal. 1992) (California law); *Saunders v. Wire Rope Corp.*, 777 F. Supp. 1281, 1283 (E.D. Va. 1991) (Virginia law); *Santiago v. Barre Nat., Inc.*, 795 F. Supp. 508, 510 (D. Mass. 1992) (Massachusetts law)). Accordingly, Defendant removed this action exactly one year after its commencement.

Second, the Court finds that "the case stated by the initial pleading [was] not removable," and that Defendant removed the case within thirty days after receipt of an "other paper from which it [was] first [a]scertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Plaintiff argues that Defendant should have removed within thirty days after receipt of Plaintiff's Petition. However, Plaintiff's Petition merely states that he "demands judgment against Defendant for actual damages and punitive damages both in excess of $10,000." (Complaint 3.) Such a damage clause does not affirmatively establish that the amount in controversy exceeds $75,000. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (finding that a complaint filed in Oklahoma state court alleging that "the amount in controversy is in excess of $10,000 for each of two claims" was insufficient to establish the requisite jurisdictional amount). Because Plaintiff's responses to Defendant's interrogatories constitute an "other paper," Defendant was permitted to remove this action within thirty days of receipt of Plaintiff's interrogatory responses. *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (listing an "answer to interrogatory" as an "other paper" under 28 U.S.C. § 1446(b)); *Reed v. State Farm Mut. Auto. Ins. Co.*, No. 05-CV-556-E, 2005 WL 3110686, at *2 (N.D. Okla. Nov. 18, 2005) (finding that the thirty-day removal period began to run when defendants received plaintiff's response to interrogatories). Defendant received Plaintiff's interrogatory responses on January 6, 2006 and filed

its notice of removal on January 11, 2006, making such notice timely pursuant to 28 U.S.C. § 1446(b).

### B. Jurisdictional Amount

A civil action is removable only if the plaintiffs could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). In this case, Defendant asserts that diversity jurisdiction exists. *See* 28 U.S.C. § 1332. Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *See Basso v. Utah Power & Light, Co.*, 495 F.2d 906 (10th Cir. 1974). As such, the Court strictly construes the removal statute and must resolve all doubts against removal. *See Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

In *Laughlin v. Kmart Corporation*, the Tenth Circuit set forth the framework by which courts should measure whether the amount in controversy requirement has been satisfied:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]."

50 F.3d 871, 873 (10th Cir. 1995). "Thus, where the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages supported by the underlying facts." *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003). Further, the Tenth Circuit has emphasized that there is a "presumption against removal jurisdiction." *Id.* Where plaintiff and defendant clash about jurisdiction on remand, uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001).

In addition to these standards articulated by the Tenth Circuit, the local rules of this Court provide guidelines for determining jurisdictional amount when an action is removed. Specifically, Local Civil Rule 81.3 provides as follows:

> (a) Where one or more defendants seek to remove an action from state court based upon diversity of citizenship, and where the face of the state court petition does not contain an express damages clause as to at least one claim asserted by at least one plaintiff, in an amount exceeding $75,000 (exclusive of interest and costs), the notice of removal shall include either:
>
> 1. A particularized statement of facts upon which the jurisdictional amount is based set forth in accordance with applicable law; or
>
> 2. With respect to at least one plaintiff in the state court action, either a response by such plaintiff to an interrogatory or interrogatories as to the amount in controversy or an admission by such plaintiff in response to a request for admission. In either case, that plaintiff's response must state unequivocally that the damages actually sought by the plaintiff exceed $75,000.

LCvR 81.3.

In asserting that the amount in controversy exceeds $75,000, Defendant relies on Plaintiff's responses to Defendant's interrogatories, which the Court finds insufficient. Interrogatory number 14 asks Plaintiff to "[i]dentify all damages and injuries that You claim to have sustained which You believe was caused by Defendant, the sum of money which You attribute as a loss to each and any document or record that supports Your claim." (Notice of Removal, Ex. 5 at p. 6.) In response, Plaintiff stated he seeks damages for "lost credit disability payments on [his] truck" (estimated at $767.13);[1] loss of confidence, trust, mental anguish and embarrassment; late fees and charges

---

[1] Exhibit 1 to Plaintiff's reply brief illustrates that the monthly payments on his credit disability policy were $306.85. Because Plaintiff seeks payments for approximately two and a half months, Plaintiff seeks an estimate of $767.13 in payments. (Pl.'s Reply Br. in Support of Mot. to Remand Ex. 1.)

5

(estimated at $900);[2] the loan balance for his truck (estimated at $9,000); damage to his credit; and exemplary damages "in the amount the Defendant has profited from these types of business practices." (Notice of Removal, Ex. 5 at pp. 6-7.)  As evidenced in Plaintiff's Petition, Plaintiff also seeks attorneys fees.  (Complaint ¶ 8.)  Defendant relies on these statements from Plaintiff to demonstrate that the amount in controversy exceeds $75,000.  (*See* Notice of Removal 3-6; Def.'s Resp. to Pl.'s Mot. to Remand 4-11.)

The Court finds Defendant has failed to meet its burden under *Laughlin* and Local Civil Rule 81.3.  First, the known amounts of Plaintiff's damages -– including benefits allegedly owed, late fees, and the loan balance on the truck — clearly fail to exceed the amount in controversy requirement of $75,000. Second, although Defendant argues that the punitive damages alone exceed the jurisdictional amount, Defendant fails to provide facts tending to show that such a verdict for punitive damages would be probable in this case.  Absent such facts, Defendant's conclusory statements regarding punitive damages are insufficient to meet the burden of showing underlying facts supporting the requisite jurisdictional amount.  *See DKNP v. Hartford Casualty Insur. Co.*, Case No. 06-CV-632-JHP, 2007 WL 120726, at *4 (N.D. Okla. Jan. 10, 2007); *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1200 (N.D. Okla. 2004) ("Defendants' statement that '[p]unitive damage awards in Oklahoma can be extremely large . . . do[es] not meet defendants' burden to show underlying facts supporting the jurisdictional amount.").  To find otherwise would require the Court to engage in pure speculation.

Instead, the underlying facts and arguments presented by Defendant in its Notice of Removal and attachments thereto are insufficient to establish the requisite amount, especially in the face of

---

[2] (*See* Pl.'s Reply Br. in Support of Mot. to Remand 2; Notice of Removal Ex. 5 at p. 7.)

the clear presumption against removal and the requirement that uncertainties be resolved in favor of remand. Because Defendant's Notice of Removal does not establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, the Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332 and must remand the case to state court for further proceedings. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Awarding such fees is within the discretion of the trial court. *See Suder v. Blue Circle, Inc*., 116 F.3d 1351, 1352 (10th Cir. 1997). "The standard for awarding fees should turn on the reasonableness of the removal." *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, ----, 126 S.Ct. 704, 711 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Here, the Court does not conclude that Defendant's argument in its Notice of Removal was frivolous. Although the Court grants Plaintiff's motion to remand, Defendant had at least a colorable basis for the Notice of Removal. *See Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1114 (D. Colo. 2000) (noting that although fee awards are within the district court's discretion, a general standard has emerged wherein motions for fees are typically denied where there was a colorable basis for removal).

VACATED

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (Doc. 8) is GRANTED. The Clerk of the Court is ordered to remand this matter to the District Court of Tulsa County, Oklahoma.

**ORDERED THIS 18th DAY OF JULY, 2007.**

*Terence Kern*

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

VACATED

Case 4:06-cv-00023-TCK-PJC Document 333 Filed in USDC ND/OK on 07/18/2007 Page 8 of 8

8